# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEYTON HEMINGWAY, | Case No. 2:24-cv-00156-MMD-DJA |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAU, *et al.*, | |
| Respondents. | |

Peyton Hemingway has submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1.) The Court grants Petitioner's application to proceed *in forma pauperis* (ECF No. 1). The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases and directs that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which a petitioner is aware. If a petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, for example by means of a motion to amend his petition to add the claim.

Hemingway has also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* at § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due

process, and where a petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, a jury convicted Hemingway of several counts including second-degree murder, kidnapping and robbery, and he is serving an aggregate sentence of 28 years to life in prison. At least some of the legal issues he seeks to raise may be complex. In order to ensure due process, the Court grants the motion for appointment of counsel.

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is further directed to detach, file, and electronically serve the petition (ECF No. 1-1) on Respondents.

The Clerk of Court is further directed to add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

The Clerk of Court is further directed to detach and file Petitioner's motion for appointment of counsel (ECF No. 1-2).

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner.

The Clerk of Court is further directed to electronically serve FPD with a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner in these proceedings.

///

1   It is further ordered that after counsel has appeared for Petitioner in this case, the
Court will issue a scheduling order, which will, among other things, set a deadline for the
filing of an amended petition.

DATED THIS 23rd Day of February 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE