UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEYTON HEMINGWAY,<br><br>Petitioner,<br><br>v.<br><br>JEREMY BEAU, *et al.*,<br><br>Respondents. | Case No. 2:24-cv-00156-MMD-DJA<br><br>ORDER |

The Court granted Petitioner Peyton Hemingway's motion for appointment of counsel and entered an order appointing the Federal Public Defender for the District of Nevada ("FPD") as counsel for Petitioner. (ECF No. 3.) The FPD has filed a notice of conflict of interest. (ECF No. 6.) The Court's Criminal Justice Act (CJA) designee has located counsel willing to be appointed to represent the petitioner herein:

> Alex Spelman
> 3191 E. Warm Springs Road
> Suite 100
> Las Vegas, NV 89120
> (702) 832-0342
> A.Spelman@wintersspelman.com

It is therefore ordered that the Federal Public Defender is released as counsel.

It is further ordered that Alex Spelman is appointed to represent Petitioner *nunc pro tunc* to March 8, 2024. Mr. Spelman is a CJA panel attorney for the United States District Court, District of Nevada. Mr. Spelman will represent Petitioner in all future proceedings in this Court relating to this matter (including subsequent actions) and appeals under 18 U.S.C. § 3006A (a)(2)(B), until allowed to withdraw.

It is further ordered that CJA counsel Alex Spelman enter a notice of appearance within 20 days of the date of this order.

///

It is further ordered that CJA counsel for Petitioner meet with Petitioner as soon as reasonably possible to: (1) review the procedures applicable in cases under 28 U.S.C. § 2254; (2) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (3) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

It is further ordered that counsel for Petitioner file an amended petition for writ of habeas corpus within 90 days, including all known grounds for relief (both exhausted and unexhausted). Respondents will have 45 days after the filing of the amended petition to answer, or otherwise respond to, the amended petition. Any response filed must comply with the remaining provisions below, which are entered under Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such a motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. Thus, if Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (1) they must do so within the single motion to dismiss not in the answer; and (2) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

///

///

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner has 30 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

It is further ordered that the parties send courtesy copies of all pleadings and indices of exhibits only to the Reno Division of this court, Att: Staff Attorney, 400 S. Virginia St., Reno, NV, 89501.

DATED THIS 11th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE