UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PEYTON HEMINGWAY,

                Petitioner,

v.

JEREMY BEAN, *et al.*,

                Respondents.

Case No. 2:24-cv-00156-MMD-DJA

ORDER

## I.  SUMMARY

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Peyton Hemingway, a Nevada prisoner who is represented by counsel appointed under the Criminal Justice Act. His claims include that his trial counsel rendered ineffective assistance in several ways, including by failing to conduct any investigation and present any mitigation evidence at sentencing. Respondents filed a motion to dismiss, arguing that most claims are unexhausted and/or procedurally barred. (ECF No. 26 ("Motion to Dismiss").) Hemingway has filed a motion for a stay and abeyance. (ECF No. 25 ("Motion to Stay").) As discussed below, the Court grants the Motion to Stay and denies the Motion to Dismiss without prejudice.

## II.  BACKGROUND

### A.  State-Court Proceedings

A jury in Las Vegas (Clark County), Nevada convicted Hemingway of second-degree murder with use of a deadly weapon, second-degree kidnapping resulting in substantial bodily harm, robbery, conspiracy to commit murder, conspiracy to commit kidnapping, and conspiracy to commit robbery. (ECF No. 14-18.) The charges stemmed from a 2013 incident during which Hemingway and Emilio Arenas allegedly beat an acquaintance in a motel room. Hemingway and Arenas stuffed the victim, alive, into a

suitcase and put the suitcase in the bathtub. Arenas then filled the tub with water and sat on the suitcase until it was submerged. (ECF No. 14-8 at 39-42.) Arenas was convicted of first-degree murder. In March 2019, the state district court sentenced Hemingway to a cumulative sentence of 28 years to life in prison. (ECF No. 15-6.) Judgment of conviction was entered on March 29, 2019. (ECF No. 15-7.)

Hemingway appealed, and the Nevada Supreme Court affirmed his convictions. (ECF No. 15-26.) That court also affirmed the denial of his state postconviction petition. (ECF No. 18-14.)

## B.    Federal Habeas Proceedings

In January 2024, Hemingway dispatched his *pro se* federal habeas petition for mailing. (ECF No. 5.) Counsel was appointed; through counsel Hemingway filed a first amended petition setting out eleven grounds for relief:

> Ground I(A): Trial counsel was ineffective for failing to evaluate the need for, obtain, and present a mental-health and substance abuse evaluation to the sentencing court for mitigation purposes in violation of his Sixth and Fourteenth Amendment rights.
>
> Ground I(B): Trial counsel was ineffective for failing to prepare or present mitigation at sentencing.
>
> Ground II: Hemingway's conviction violates the Sixth and Fourteenth Amendments because trial counsel had a conflict of interest in his representation of Hemingway.
>
> Ground III: Appellate counsel was ineffective for failing to raise trial counsel's conflict of interest.
>
> Ground IV: Trial counsel was ineffective for stipulating to the admission of inculpatory grand-jury testimony of a deceased, adverse witness.
>
> Ground V: The prosecution's excessive witness notification list violated Hemingway's Fourteenth Amendment due process rights.
>
> Ground VI: Trial counsel was ineffective for failing to argue that the prosecution's excessive witness notification list violated Hemingway's due process rights.

Ground VII: Appellate counsel was ineffective for failing to argue that the prosecution's excessive witness notification list violated due process.

Ground VIII: Trial counsel was ineffective for failing to argue that a juror should be disqualified due to non-residency, in violation of Hemingway's Sixth and Fourteenth Amendment rights to a trial by a jury of his peers.

Ground IX: Trial counsel was ineffective for failing to move to strike a disqualified juror.

Ground X: The trial court denied Hemingway a jury pool fairly representing a cross-section of the community or the ability to assess whether the jury represented a fair cross section in violation of his Sixth Amendment rights.

Ground XI: The prosecutors committed misconduct by securing the conviction in knowing reliance on unreliable testimony in violation of Hemingway's Sixth and Fourteenth Amendment rights.

(ECF No. 10.)

Respondents have moved for dismissal, arguing that grounds I through IX are unexhausted, procedurally barred, and/or not cognizable. (ECF No. 26.)[1] Hemingway asks the Court to stay these proceedings so that he can return to state court to exhaust most of the claims in the petition. (ECF No. 25.)[2] Hemingway has also asked the Court for leave to file a second amended petition. (ECF No. 27.)[3]

## III.    DISCUSSION

Federal courts may not grant a writ of habeas corpus brought by a person in custody under a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v.*

---

[1]Petitioner opposed the Motion to Dismiss, and Respondents replied. (ECF Nos. 29, 31.)

[2]Respondents opposed the Motion to Stay, and Petitioner replied. (ECF Nos. 28, 34.)

[3]Respondents opposed, and Petitioner replied. (ECF Nos. 30, 32.)

3

*Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *See id.* (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (habeas petitions should be dismissed if state remedies have not been exhausted as to any federal claims).

The Supreme Court has recognized that under certain circumstances, it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Regarding the legal standard for a motion to stay, a district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that

4

the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276-77).

This Court has declined to prescribe the strictest possible standard for issuance of a stay. *See e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* For example, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Ineffective assistance of state postconviction counsel can be good cause for a *Rhines* stay under the same standard as *Martinez v. Ryan*. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) (finding that in *Martinez*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of state postconviction counsel may serve as cause to excuse the federal procedural default of a claim of ineffective assistance of trial counsel).

Hemingway argues that he satisfies *Rhines* because his unexhausted claims are meritorious, he can demonstrate good cause for his failure to exhaust the claims because his state postconviction counsel was ineffective, and he has not engaged in dilatory tactics. With respect to ground I(A), Hemingway contends that a neuropsychological report completed in 2024 shows the type of evidence of low IQ, cognitive impairment— including low neurocognitive functioning with respect to self-regulatory processing— special education, and a family history of physical and verbal abuse that he alleges trial counsel ineffectively failed to investigate and present as mitigation at sentencing. (*See* ECF No. 24-1.) Respondents oppose, arguing that under *Shinn v. Ramirez*, 596 U.S. 366 (2022), this Court may not consider new evidence upon Hemingway's return here following a stay. (ECF No. 28.) They also argue that Hemingway has not established that

1    his unexhausted claims are potentially meritorious because the new expert report does

2    not establish that the court would have given him a lesser sentence.

3        Parole & Probation had recommended a sentence of 17 years to life. (ECF No. 20-

4    1.) At the evidentiary hearing on Hemingway's first state postconviction petition, trial

5    counsel testified that he did not do any investigation into mitigating factors for sentencing.

6    (ECF No. 18-1.) The transcript of counsel's direct examination at the evidentiary hearing

7    is about a page in length; his entire testimony is less than four pages. (*Id*. at 5-9.) The

8    state district court sentenced Hemingway to 28 years to life. (Exh. 87, ECF No. 15-6.)

9    Hemingway has filed a state postconviction petition setting forth the claim that trial

10   counsel was ineffective for failing to investigate and present mitigation at sentencing that

11   includes the new neuropsychological report.

12       It is unclear on what basis the state courts might consider the unexhausted

13   ineffective assistance of trial counsel claim regarding mitigation at sentencing, but it is not

14   plainly meritless. Hemingway is already litigating his second state postconviction petition.

15   The Court notes that *Ramirez* does not concern the good cause requirement for a *Rhines*

16   stay. So the Court need not determine at this time whether it will entertain new evidence

17   upon Hemingway's return to the Court following a stay. There is also no indication that

18   Hemingway has intentionally engaged in dilatory litigation tactics.[4] And if he obtains relief

19   in state court, his petition here would be rendered moot. Accordingly, the Court grants the

20   Motion to Stay. The Court declines Respondents' request to impose any pre-condition to

21   Hemingway's returning to continue litigating his federal petition upon the conclusion of

22   the state proceedings.[5] In light of the stay, the Motion to Dismiss is denied without

23   prejudice.

24

25

26       [4]Generally, petitioners serving a non-capital sentence presumably want to obtain

27   relief as promptly as possible. *See Evans v. Chavis*, 546 U.S. 189, 203 n.1 (2006) (Stevens, J., concurring).

28       [5]Of course, Respondents will remain free to argue affirmative defenses and procedural bars as applicable.

1    Finally, Hemingway has moved for leave to file a second amended petition. (ECF

2    No. 27.) Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading

3    with the court's leave. "The court should freely give leave when justice so requires." Rule

4    15 reflects a "policy of favoring amendments to pleadings," and courts should apply that

5    policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981);

6    *see also Walker v. Baker*, No. 2:15-cv-01240-RFB-GWF, 2016 WL 1298107, at *1 (D.

7    Nev. Mar. 31, 2016). In deciding whether to grant leave, a court may consider any "bad

8    faith," "undue delay," or previous amendments on the part of the petitioner; any potential

9    "prejudice to the opposing party"; and the potential "futility" of the amended pleading. *In*

10   *re Morris*, 363 F.3d 891, 894 (9th Cir. 2004); *see also Clemons v. Williams*, No. 2:11-cv-

11   01442- PMP, 2012 WL 1574766, at *1 (D. Nev. May 3, 2012). Here, as discussed,

12   Hemingway has filed a state postconviction petition that includes the neuropsychological

13   report in support of ground I(A). The proposed second amended petition only adds

14   additional detail to ground I(A). (*See* ECF No. 27-1 at 10-17.) It does not appear that

15   Hemingway seeks to amend in bad faith or with undue delay. The Court thus grants the

16   motion to amend. The Court also notes that, as a practical matter, Hemingway likely will

17   need to amend his federal petition after his state proceedings conclude.

18   **IV.    CONCLUSION**

19   It is therefore ordered that Petitioner's Motion for Leave to Amend (ECF No. 27) is

20   granted.

21   The Clerk of Court is further directed to detach and file the Second Amended

22   Petition (ECF No. 27-1).

23   It is further ordered that Petitioner's Motion for Stay and Abeyance (ECF No. 25)

24   is granted.

25   It is further ordered that this action is stayed pending final resolution of Petitioner's

26   state postconviction habeas petition.

27   It is further ordered that the grant of a stay is conditioned upon Petitioner returning

28   to federal court with a motion to reopen the case within 45 days of the issuance of the

remittitur by the state appellate court at the conclusion of the state-court proceedings on the postconviction habeas petition.

It is further ordered that, in light of the stay, Respondents' Motion to Dismiss (ECF No. 26) is denied without prejudice as moot.

The Clerk of Court is further directed to administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 13th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE